UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARLITA E. POLLARD                                                              PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:13cv324-DPJ-FKB

HINDS COUNTY DEPARTMENT OF
HUMAN SERVICES, MICHAEL W.
MILLER, and JOHN DOES 1–10                                                  DEFENDANTS

ORDER

This employment-discrimination and sexual-harassment case is before the Court on Defendant Mississippi Department of Human Services'[1] Motion to Dismiss [22] and Defendant Michael Miller's Motion to Dismiss [24] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Marlita Pollard responded [31, 32] to the Defendants' Motions, and Defendants each filed Rebuttals [33, 34]. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, finds that the Defendants' Motions should be granted.

I.    Facts and Procedural History

Plaintiff Marlita Pollard, a former employee of MDHS, filed this action in federal court seeking damages for sexual harassment, sexual discrimination, a sexually-hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1983; the Fourteenth Amendment; and "other provisions of the United States Constitution." Compl. [1] at 1.

---

[1]Plaintiff erroneously designated Defendant as "Hinds County Department of Human Services" in her Complaint. Compl. [1] ¶ 2. For the sake of accuracy and consistency, this Order will refer to Defendant as "Mississippi Department of Human Services" or simply as "MDHS."

In very general terms, Pollard avers that Defendant Michael Miller, an MDHS supervisor, subjected her to a long-standing pattern of sexual harassment. She therefore seeks money damages, including future wages, back pay, compensatory damages, punitive damages, and attorney's fees from MDHS, Miller, and John Does 1–10, whom she describes as "supervisory capacity" employees at MDHS. *Id.* ¶¶ 2–4, 40. Defendants answered [3, 4] the Complaint and later filed the instant Motions to Dismiss [22, 24]. Pollard responded [31, 32], and Defendants filed Rebuttals [33, 34]. The Court is now prepared to rule.

II.     Standard of Review

As an initial matter, both Defendants filed their Rule 12(b)(6) motions after their Answers [3, 4] and after the pleadings closed on October 28, 2013. *See* Case Management Order [7]. The Court therefore construes the motions as motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). Regardless, the standard of review is the same under either rule. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

In considering a motion under Rule 12(c), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Greninger*, 188 F.3d at 324). To overcome a Rule 12(c) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.     Analysis

MDHS and Miller both seek dismissal of some but not all of Pollard's claims. Because the arguments are similar as to both Defendants, their motions will be considered collectively.

    A.     Section 1983 Claims

Pollard sues MDHS and Miller under 42 U.S.C. § 1983. That statute provides a civil cause of action against "[e]very person who, under color of" state law, deprives another "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. But as recently stated by this Court in *Williams v. Berry*, "[t]he claim against MDHS is due to be dismissed, as MDHS, an arm of the State, is not a 'person' under § 1983, and has immunity under the Eleventh Amendment." 977 F. Supp. 2d 621, 628 (S.D. Miss. 2013) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Stewart v. Jackson Cnty., Miss.*, No. 1:07cv1270WJG–JMR, 2008 WL 4724009, at *2 (S.D. Miss. Oct. 25, 2008) (finding that MDHS is an arm of the State entitled to Eleventh Amendment immunity).

As for Miller, Pollard's Complaint fails to indicate whether she intended to sue him in his

3

individual capacity, official capacity, or both. Inferring an official-capacity claim, Miller now moves to dismiss the § 1983 claim against him because such a claim would simply be another moribund claim against an arm of the state. *See* Def.'s Mem. [25] at 4. Miller is correct. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 n.55 (1978) (noting that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent").

Pollard failed to respond to either MDHS or Miller regarding the § 1983 claims and thus has abandoned them. *See Estate of Pernell v. City of Columbus*, No. 1:08CV0040-DD, 2010 WL 1737638, at *4 (N.D. Miss. Apr. 28, 2010) (holding that failure to argue a point in response amounts to a concession of the issue). Regardless, Defendants' arguments are meritorious, and the Court dismisses, with prejudice, the § 1983 claims against MDHS and Miller in his official capacity.[2]

B.  Fourteenth Amendment Claims

Plaintiff appears to have sued MDHS and Miller directly under the Fourteenth Amendment. As Defendants note, the Fifth Circuit has been reluctant to recognize claims "arising directly from the Constitution." *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (per curiam). But a very limited exception exists when there are "no other means of seeking redress for flagrant violations of the plaintiff's constitutional rights." *Id*. Pollard urges this exception with respect to MDHS.

The exception does not apply because § 1983 allows a plaintiff to sue a "person" acting

---

[2]It is not clear whether Pollard pleaded individual-capacity claims against Miller. If so, the individual-capacity § 1983 claim would fall beyond the scope of Miller's motion.

under color of law for constitutional violations. *Id*. (affirming dismissal of claims brought directly under the Constitution against an arm of the state because § 1983 provided potential redress); *see also Simpson v. Alcorn State Univ.*, No. 3:13CV424TSL-JMR, 2014 WL 2685133, at *6 (S.D. Miss. June 13, 2014) (dismissing Fourteenth Amendment claim against arm of the state). Because Pollard had a means of redress, she may not bring a stand-alone claim under the Fourteenth Amendment against MDHS.³ Pollard abandoned the claim against Miller. All constitutional claims are dismissed with prejudice.

    C.    State-Law Claims

Pollard asserts assault and battery and abuse of process claims against MDHS and Miller. These state-law claims suffer from two defects: (1) Pollard failed to comply with statutory prerequisites for suit under the Mississippi Torts Claims Act ("MTCA"), *see* Miss. Code Ann. § 11-46-11(1); and (2) she failed to comply with applicable statutes of limitations. Pollard essentially concedes both deficiencies, but maintains that (1) Defendants waived their procedural defenses under the MTCA; and (2) the statute of limitations should be equitably tolled. Neither argument is convincing.

Starting with the MTCA, Pollard relies entirely on *Stuart v. University of Mississippi Medical Center*, where the Mississippi Supreme Court held that "the failure to pursue a defense in a timely manner, while actively participating in the lawsuit, constitutes waiver of that defense." 21 So. 3d 544, 547 (Miss. 2009).

Pollard's reliance on Mississippi law is misplaced. "In a diversity action such as this,

---

    ³Additionally, the limited exception to the rule against bringing claims directly under the Constitution would not solve Pollard's Eleventh Amendment problem.

substantive state law determines what constitutes an affirmative defense. However, the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) (citation omitted) (internal quotation marks omitted). The court explained:

> Rule 8(c) of the Federal Rules of Civil Procedure requires that an affirmative defense be set forth in a defendant's responsive pleading. Failure to comply with this rule, usually results in a waiver. Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal. More specifically, a defendant does not waive an affirmative defense if it is raised at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.

*Id.* (citations omitted) (internal quotation marks omitted); *see also Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329, 332 (S.D. Miss. 2011) (quoting *Arismendez*, 493 F.3d at 610). "Unfair surprise and prejudice are central concerns underlying the requirement that a defendant timely plead affirmative defenses." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 402 (5th Cir. 2014).

In the present case, both MDHS and Miller raised the MTCA notice defense in their answers. MDHS Answer [4] at 2; Miller Answer [3] at 2. And their motions were filed in sufficient time to avoid prejudicing Pollard's response. *Cf. LSREF2 Baron*, 751 F.3d at 402. The issue has been presented in a "pragmatically sufficient time" to avoid waiver. *Arismendez*, 493 F.3d at 610.[4]

Regarding the statute-of-limitations defenses, Pollard takes a different tack, arguing that the Court should equitably toll the limitations period. Pollard observes that before bringing this

---

[4]Even under Mississippi law, the fact that the motions could not terminate the litigation would preclude waiver. In *Meadows v. Blake*, a majority of the Mississippi Supreme Court joined Chief Justice Waller's concurring opinion, in which he explained that affirmative defenses must be raised *and pursued* only when they would terminate the case. 36 So. 3d 1225, 1234 (Miss. 2010) (Waller, C.J., concurring).

suit, she correctly pursued her federal claims with the EEOC and the Department of Justice. Once receiving her right to sue letter, she filed both state and federal claims, though the state claims were then untimely. Pl.'s Resp. [31] at 5–7.

But equitable tolling is limited.

> As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.

*Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (per curiam) (citations omitted) (internal quotation marks omitted).

Pollard cites no authority for equitable tolling under these circumstances, and the Court finds that they are neither rare nor exceptional. So, even assuming the state-law claims could overcome the MTCA notice barrier, they would be dismissed with prejudice as time barred.

D.   Punitive Damages as to MDHS

The only remaining claim against MDHS falls under Title VII, and that "Act precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions." *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465–66 (5th Cir. 2001) (citing 42 U.S.C. § 1981a(b) and *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997), *cert. denied*, 525 U.S. 929 (1998)). Plaintiff failed to respond to this portion of the motion, which is otherwise meritorious. Pollard's punitive-damages claims against MDHS are dismissed with prejudice.

  E. Title VII Claim Against Miller

Individuals are not "employers" as defined by Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir. 1994). Pollard did not respond to this otherwise-meritorious argument, and her Title VII claims against Miller are dismissed with prejudice.

IV. Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant Mississippi Department of Human Services' Motion to Dismiss [22] is granted with prejudice as to all of Pollard's claims except for her Title VII claim. Defendant Miller's Motion to Dismiss [24] is granted with prejudice as to all claims addressed in that motion.

  **SO ORDERED AND ADJUDGED** this the 17th day of October, 2014.

           s/ *Daniel P. Jordan III*
           UNITED STATES DISTRICT JUDGE